UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Case No. 3:17-cv-2031(VAB) |
| | : | |
| PAYCHEX, INC., | : | |
| *Defendant.* | : | |

**RULING AND ORDER ON PENDING MOTIONS**

Jane Doe ("Plaintiff") has filed numerous motions, including on issues already decided

by this Court, and despite having filed an interlocutory appeal of two of the Court's orders on

these issues with the Second Circuit. The Second Circuit has dismissed the Plaintiff's appeal for

lack of jurisdiction, and the Court here reviews Ms. Doe's multiple pending motions.

For the following reasons, the Court **GRANTS** the motion to amend the case caption and

remove Ms. Doe's pseudonym and **DENIES** all other pending motions.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Familiarity with the factual background of this case is assumed. *See* Ruling and Order,

ECF No. 66 (May 6, 2019). Ms. Doe allegedly worked as a sales agent for Defendant, Paychex,

Inc., ("Paychex") from January until August 2015. Second Am. Compl., ECF No. 35 (Oct. 9,

2018).

On December 7, 2017, Ms. Doe brought this action against Paychex seeking monetary

damages and injunctive relief for violations of Title VII of the Civil Rights Act of 1964; the

Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*; and several state laws.

Compl., ECF No. 1 (Dec. 7, 2017). She brought the action under seal and using a pseudonym,

claiming that she was afraid for her safety and concerned about Paychex interfering with her employment prospects. *Id.*; Mot. to Seal, ECF No. 2 (Dec. 7, 2017).

After Ms. Doe filed this lawsuit, the parties exchanged numerous motions. Among these, Ms. Doe moved three times for leave to amend her complaint and filed motions for default judgment and a preliminary injunction. Ms. Doe's amended complaints sought to add new defendants, USI Insurance Services of Connecticut and USI Insurance Services LLC (collectively, "USI"), and to add new theories of liability under multiple federal and state laws, as well as Connecticut common law. Paychex and USI filed motions to dismiss the first two amended complaints, and Paychex moved to unseal the case. *See* Docket Entries, ECF Nos. 11-61 (Feb. 27, 2018 - Apr. 9, 2019).

On April 9, 2019, the Court held a hearing on all pending motions, Minute Entry, ECF No. 62 (Apr. 9, 2019), and subsequently issued two orders. One order denied Ms. Doe's motions for default judgment and preliminary injunction as moot. Order, ECF No. 63 (Apr. 9, 2019). The second order granted the motion to unseal; granted Ms. Doe's second motion to amend and denying her third; and granted in part and denied in part the motion to dismiss the Second Amended Complaint. Ruling and Order, ECF No. 66 (May 6, 2019). The Court dismissed all claims against USI and many claims against Paychex, leaving only Ms. Doe's claims against Paychex for sex discrimination, hostile workplace, and retaliation under Title VII. *Id.* at 3.

On June 7, 2019, Paychex moved to amend the case title to remove Ms. Doe's pseudonym. Mot. to Amend Case Title, ECF No. 74 (June 7, 2019).

On June 14, 2019, Ms. Doe filed a notice of interlocutory appeal of the Court's Orders of April 9, 2019, and May 6, 2019. Notice of Interlocutory Appeal, ECF No. 76 (June 14, 2019). Despite her appeal, Ms. Doe continued to ask this Court for relief.

On July 22, 2019, Ms. Doe filed a motion for default entry against both Paychex and USI, and a motion for judgment and injunction against both Paychex and USI. Mot. for Default Entry, ECF No. 84 (July 22, 2019); Mot. for Judgment and Inj., ECF No. 85 (July 22, 2019).

On July 29, 2019, Ms. Doe filed a motion for reconsideration of the Court's dismissal of USI as a defendant. Mot. for Recons., ECF No. 88 (July 29, 2019).

On August 5, 2019, Ms. Doe filed a motion for sanctions, claiming that Paychex and USI have misled the Court, that Paychex's motion to remove Plaintiff's pseudonym was filed with improper purpose. Mot. for Sanctions, ECF No. 89 (Aug. 5, 2019).

On August 19, 2019, Ms. Doe filed a motion for service expenses under Federal Rule of Civil Procedure 4(d)(2). Mot. for Serv. Expenses, ECF No. 93 (Aug. 19, 2019).

On September 6, 2019, Ms. Doe filed a motion requesting that the Court accept the Plaintiff's Third Amended Complaint and grant the motions for default entry. Mot. to Request Court to Accept Plaintiff's Second/Third Am. Compl., ECF No. 99 (Sept. 6, 2019).

On September 16, 2019, Paychex filed a motion requesting to be referred to Magistrate Judge William I. Garfinkel for the purpose of resolving the parties' dispute regarding the contents of their respective reports submitted under Federal Rule of Civil Procedure 26(f). Mot. for Referral to Magistrate, ECF No. 101 (Sept. 16, 2019).

On October 25, 2019, Ms. Doe filed a supplemental motion for sanctions. Suppl. Mot. for Sanctions, ECF No. 109 (Oct. 25, 2019).

On October 30, 2019, Ms. Doe filed a motion for an emergency injunction against Paychex and USI. Mot. for Emerg. Inj., ECF No. 110 (Oct. 30, 2019).

On November 13, 2019, Paychex objected to Ms. Doe's motion for an emergency injunction and her motion for sanctions. Obj. to Mot. for Sanctions, ECF No. 111 (Nov. 13, 2019); Obj. to Mot. for Emerg. Inj., ECF No. 112 (Nov. 13, 2019).[1]

On December 10, 2019, Ms. Doe responded to Paychex's objections. Resp. to Obj. to Emerg. Inj., ECF No. 113 (Dec. 10, 2019); Resp. to Obj. to Sanctions, ECF No. 114 (Dec. 10, 2019).

On December 27, 2019, the Second Circuit dismissed Ms. Doe's appeal because "a final order has not been issued by the district court as contemplated by 28 U.S.C. § 1291." Mandate of USCA, ECF No. 115 (No. 19-1760 (2d Cir. Dec. 27, 2019)) (citing *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008)).

On January 9, 2020, Ms. Doe filed a motion for a hearing on the scheduling order under Federal Rules of Civil Procedure 26(f). Mot. for Hearing, ECF No. 116 (Jan. 9, 2020).

## II.     STANDARD OF REVIEW

### A.  Motion for Reconsideration

"Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c). This standard is strict. A motion for reconsideration should be granted only where the

---

[1] The titles of these motions on the docket are reversed, suggesting that the Defendant mistakenly filed the objection to the motion for emergency injunction under the docket entry name "Objection to Motion for Sanctions," and vice versa. The Court will cite to the documents according to the name on the document itself, rather than the title in the docket entry, so that the ECF numbers cited in this Order will correspond to the correct document.

defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Bell Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Additionally, these matters must "reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc.*, 71 F.3d 255, 257 (2d Cir. 1995).

### B. Motion for Default Judgment

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). Plaintiffs must first obtain an entry of default under Rule 55(a), by showing that the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). "Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages." Ruling and Order on Mot. for Default Judgment, *Cantor Colburn LLP v. On Demand Dir. Resp.*, No. 3:17-cv-1515 (VAB) (D. Conn. June 7, 2018), ECF No. 17 (quoting *Coles v. Lieberman, Michaels & Kelly, LLC*, No. 10-cv-484S, 2011 WL 3176467, at *1 (W.D.N.Y. July 27, 2011)).

### C. Preliminary Injunctive Relief

Preliminary injunctive relief is an extraordinary remedy and is never granted as a matter of right. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." *N.Y. Prog. and Prot. PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (quoting *Winter*, 555 U.S. at 20); *see also Jolly v.*

*Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) ("In most cases, a party seeking to obtain a preliminary injunction must establish that it will suffer irreparable harm in the absence of an injunction and demonstrate either (1) 'a likelihood of success on the merits' or (2) 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly' in the movant's favor." (quoting *Waldman Publ'g Corp. v. Landoll, Inc.*, 43 F.3d 775, 779–80 (2d Cir. 1994))).

### D. Rule 11 Sanctions

Under Rule 11, if a party presents arguments which "harass, cause unnecessary delay, or needlessly increase the cost of litigation," or whose "claims, defenses, and other legal contentions are [un]warranted by existing law or [are supported by []frivolous argument[s], for extending, modifying, or reversing existing law or for establishing new law . . . the [C]ourt may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(b)–(c).

Rule 11 requires that the party moving for sanction give the Defendant notice of the motion for sanctions before filing a motion with the Court. Fed. R. Civ. P. 11(c) (A motion for sanctions "must be served [on the defendant] under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").

> At a minimum, the notice requirement mandates that the subject of a [Rule 11] sanctions motion be informed of: . . . . the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense. Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable.

*Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003). "These procedural protections are intended to reduce the number of motions for sanctions and to provide opportunities for parties to avoid sanctions altogether." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141–42 (2d Cir. 2002) (citing *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327 (2d Cir. 1995)).

### E. Rule 4 Service of Process

Under Rule 4, a summons and complaint must be served on the defendant(s) directing the defendant(s) to appear and defend in the case. Fed. R. Civ. P. 4(a)-(c). "An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). If a defendant "fails, without good cause, to sign and return a waiver" of service requested by a plaintiff, the court must impose "the expenses later incurred in making service" and other reasonable expenses on the defendant. Fed. R. Civ. P. 4(d)(2).

### F. Motion to Proceed Anonymously

"Parties to a lawsuit must generally identify themselves." *Doe I v. Individuals*, 561 F. Supp. 2d 249, 257 (D. Conn. 2008) (citing Fed. R. Civ. P. 10(a) (providing that "[t]he title of the complaint must name all the parties")). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). A party may proceed anonymously only after demonstrating "a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial

proceedings." *K.D. v. City of Norwalk*, No. 3:06-cv-406 (WWE), 2006 WL 1662905, at *1 (D. Conn. June 14, 2006).

Courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff*, 537 F.3d at 189 (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). The Second Circuit has set forth a number of non-exhaustive factors courts should consider in determining whether to permit a case to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
> (5) whether the suit is challenging the actions of the government or that of private parties;
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
> (7) whether the plaintiff's identity has thus far been kept confidential;
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (internal citations, alterations, and quotation marks omitted). "[A] district court is not required to list each of the factors or use any particular formulation as long as . . . the court balance[s] the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

## III.    DISCUSSION

### A.   Motion for Reconsideration of Dismissal of USI

A motion to reconsider "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Ms. Doe asks the Court to reconsider its dismissal of USI as a defendant in this case. Mot. for Recons. at 1. She argues that "USI played a role in the decision process to terminate the Plaintiff," that "USI failed to seek permission or submit a Motion to Dismiss requesting to be dismissed from the above action," and that she "was never given the opportunity to object to the dismissal of" USI under Federal Rule of Civil Procedure 15. *Id.*

The Court dismissed USI because "[t]he USI Defendants' relationship to Ms. Doe, in a separate and unrelated case, is an insufficient basis for liability in this employment discrimination case against Paychex. As a result, Ms. Doe has stated no plausible claim for relief against the USI Defendants and the USI Defendants must be dismissed from this lawsuit." Ruling and Order at 26, ECF No. 66 (May 6, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."); *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (The complaint must contain "factual amplification . . . to render a claim plausible.")).

Ms. Doe does not raise any "intervening change of controlling law" or new evidence that would permit the granting of a motion to reconsider. *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

Her argument that USI failed to seek permission or submit a motion to dismiss, to which she might have an opportunity to respond, is unavailing. USI did file a motion to dismiss. Mot. to Dismiss, ECF No. 48 (Jan. 24, 2019). Additionally, Paychex twice moved to dismiss the Complaint in its entirety, so Ms. Doe has had a total of three opportunities to respond to Defendants' arguments as to why her claims against USI should be dismissed.

But even if USI had not moved to dismiss, Ms. Doe's argument would fail. Under the Federal Rules of Civil Procedure, courts may dismiss any claims or parties from a case at any time, regardless of whether a motion to dismiss has been filed. *See Ruzhinskaya v. HealthPort Techs., LLC*, 942 F.3d 69, 72 (2d Cir. 2019) ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." (quoting Fed. R. Civ. P. 21)).

Accordingly, Ms. Doe's motion for reconsideration, ECF No. 88, will be **DENIED**.

**B. Motions for Court to Accept Second and Third Amended Complaints**

Ms. Doe filed a motion requesting that the Court accept the Plaintiff's Second/Third Amended Complaint. Mot. to Request Court to Accept Plaintiff's Second/Third Am. Compl., ECF No. 99 (Sept. 6, 2019) (referring to Ms. Doe's Second Amended Complaint, ECF No. 36; and Third Amended Complaint, ECF No. 45).

The Court has already rejected Ms. Doe's Second and Third Amended Complaints, stating the following:

> Ms. Doe has submitted four versions of her complaint, totaling more than 250 pages. Each version has retained the same underlying facts as her initial Complaint, but has included additional recollections and disparate theories of legal recovery. . . . [N]early all of the laws cited by Ms. Doe fail to provide a private

10

> cause of action or avenue of redress for her relatively
> straightforward claim of employment discrimination.

Ruling and Order at 27, ECF No. 66 (May 6, 2019) (internal citations omitted).

Thus, the Court construes Ms. Doe's now pending motion "to Request Court to Respectfully Accept Plaintiff's Second/Third Amended Complaint" as a motion to reconsider the Court's previous rejections of Ms. Second and Third Amended Complaints.

Ms. Doe does not raise any "intervening change of controlling law" or new evidence that would permit the granting of a motion to reconsider the Court's prior denial. *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. In fact, Ms. Doe's filings suggest that the essential facts of her case remain unchanged since the filing of the initial Complaint. Mot. for Leave to Amend Compl., ECF No. 46 ("The Plaintiff has not changed any facts . . . .").

As stated in its ruling on May 6, 2019, "[t]he Court will not permit further amendment as it would cause undue delay and prejudice to Defendants, with little or no benefit to Ms. Doe." Ruling and Order at 28, ECF No. 66 (May 6, 2019) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Defendants have responded to th[e] allegations [in Ms. Doe's initial complaint], and this litigation will proceed to discovery on Ms. Doe's remaining claims of sex discrimination, hostile work environment, and retaliation under Title VII." *Id.*

Accordingly, Ms. Doe's motion requesting that the Court accept the Plaintiff's Second/Third Amended Complaint, ECF No. 99, will be **DENIED**.

### C. Motion for Default Entry and Motion for Judgment and Injunction

"The core of default under Rule 55 is the failure to timely file a required responsive pleading. The most obvious example is a defendant's failure to answer a complaint." Steven S. Gensler, *Rule 55. Default; Default Judgment*, 2 Federal Rules of Civil Procedure, Rules and

Commentary (last updated Feb. 2019) (citing Fed. R. Civ. P. 7 (defining pleadings to include a complaint and an answer to a complaint, among other examples)). A defendant may also "otherwise defend" against a complaint by filing a motion to dismiss. *See, e.g.*, *Castiglione v. Papa*, 423 F. App'x 10, 12 (2d Cir. 2011) (affirming a district court's denial of a motion for entry of default where the defendant filed a motion to dismiss, but not an answer to, a plaintiff's amended complaint, in No. 1:09-cv-967-LEK-DRH (N.D.N.Y.), ECF Nos. 15-26).

Ms. Doe filed a motion for default entry and a motion for judgment by default and injunction under Federal Rule of Civil Procedure 55(a) against both Paychex and USI. Mot. for Default Entry, ECF No. 84 (July 22, 2019); Mot. for Judgment and Inj., ECF No. 85 (July 22, 2019). She claims that the "Defendants have previously been in default twice over sixty days for failing to answer the Plaintiff's *Second and Third Amended Complaint* (DKT #35 and #46)." Mot. for Default Entry at 1.

But the Court has rejected Ms. Doe's Second or Third Amended Complaints, as explained above. Amended pleadings beyond the first amended complaint do not automatically become operative, triggering a Defendant's duty to respond. Rather, "an amended complaint attached to a motion to amend becomes the operative complaint at the time when the motion to amend is granted" by a court; and the date triggering the Defendant's duty to respond is the date the amended complaint is accepted by the court. *Gladstone v. Health Career Acad.*, No. 3:15-cv-00517 (CSH), 2016 WL 81789, at *2 (D. Conn. Jan. 7, 2016) (citing *Briscoe v. City of New Haven*, 2012 WL 5471850, at *5 (D. Conn. Nov. 9, 2012) ("Plaintiff's Motion to Amend . . . is GRANTED. The operative complaint in this action is now the Third Amended Complaint. . . . The date of its filing and service is deemed to be the date of this Ruling's entry."); *Farina v.*

*B&B Prop.*, 2000 WL 436565, at *1 (D. Conn. Mar. 10, 2000) ("The amended complaint which was the subject of the Court's September 25, 1998 order granting the defendant's motion to amend is deemed filed and deemed the operative complaint as of that date.")).

As the Court has previously made clear, "Ms. Doe's Amended Complaint, ECF No. 12, contains the employment discrimination allegations that form the basis of this lawsuit, and thus fairly serves as the operative complaint for this litigation." Ruling and Order at 28, ECF No. 66 (May 6, 2019).

Ms. Doe filed her Amended Complaint on March 26, 2018. Am. Compl., ECF No. 12 (Mar. 12, 2018). Having been granted an extension of time to respond, Paychex filed a motion to dismiss the Amended Complaint on April 27, 2018. Mot. to Dismiss, ECF No. 16 (Apr. 27, 2018). Because the Court rejected Ms. Doe's Second and Third Complaints, the Defendants were never required to respond to those complaints. Thus, Paychex responded to the operative complaint as required by Rule 55 and is therefore not in default.

As explained above, USI has been dismissed from this case. The motions for default entry and judgment against USI are therefore moot.

Ms. Doe's motion for default entry, ECF No. 84, therefore will be **DENIED**.

Because Default Entry has not been entered under Federal Rule of Civil Procedure 55(a), Ms. Doe's motion for judgment and injunction, ECF No. 85, will also be **DENIED**.

### D. Motion for Emergency Injunction

The purpose of a preliminary injunction is to provide relief temporarily pending resolution of a case on the merits, *Pierce v. Woldenberg*, 498 F. App'x 96, 98 (2d Cir. 2012) (citing *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 645 (2d Cir. 1998) ("The purpose of

a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.")), not to provide relief unrelated to the merits of a case.

Ms. Doe filed a motion for an emergency injunction under Federal Rule of Civil Procedure 65, claiming that the "Defendants are promoting hate against the Plaintiff as a means of character Assassination." Mot. for Emerg. Inj. at 3, ECF No. 110 (Oct. 30, 2019). Among other things, Ms. Doe requests that the Court

> Enjoin the Defendants from stalking the Plaintiff, watching the Plaintiff, breaking into her things, stealing her things, calling anyone she knows, inquiring anyone for information about her including after she has been somewhere, tampering with her car, tampering with any of her electronics that includes hardware and software, her family needs to be forbidden to be called, stalked, or interfered with for the end of their lifetimes and to respectfully refrain from harming the Plaintiff in anyway [sic].

*Id.* at 2.

Paychex argues that Ms. Doe does not "present any coherent position with arguments supported by demonstrable facts," but rather sets forth conclusory assertions that she meets the standard for a preliminary injunction and "a personal wish list of items to include in her requested order." Obj. to Mot. for Emerg. Inj., ECF No. 112 (Nov. 13, 2019).

The Court agrees.

The sweeping relief Ms. Doe seeks is unconnected to the employment discrimination claims which the Court has allowed to go forward in her lawsuit: sex discrimination, a hostile workplace, and retaliation under Title VII. *See* Ruling and Order, ECF No. 66 (May 6, 2019). To the extent that her requests for relief may be related to claims which the Court has already dismissed, *see id.*, they are moot, *see Pierce*, 498 F. App'x at 97–98 ("[B]ecause [the plaintiff's] complaint has been dismissed and the merits decided against him, his request for preliminary

14

relief is moot." (internal citations omitted)). Ms. Doe is therefore not entitled to a preliminary injunction.

Furthermore, Ms. Doe makes conclusory assertions without any support that she "will be irreparably harmed by the Defendants, that the Plaintiff is likely to succeed in her above action against the Defendants, and the public interest in upholding constitutional rights favors the issuance of an injunction." Mot. for Emerg. Inj. at 2. Even if the relief Ms. Doe sought were related to her the merits of her case, this recitation of the standard would be insufficient to permit the Court to grant the extraordinary remedy of a preliminary injunction.

Ms. Doe has not shown a likelihood of success on the merits of any purported legal claims underlying her motion for preliminary injunction. Nor has she presented any support for her widely ranging claims of irreparable harm. *See Winter*, 555 U.S. at 22. ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Given that her requested relief is drastic and far-reaching in scope, the balance of hardships does not tip in favor of granting the injunction Ms. Doe requests. *See Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) ("[A] court must consider the balance of hardships between the plaintiff and defendant and issue the injunction only if the balance of hardships tips in the plaintiff's favor." (citing *Winter,* 555 U.S. at 20 (stating the components of the preliminary injunction standard)); *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (same))).

Accordingly, Ms. Doe's motion for emergency injunction, ECF No. 110, will be **DENIED**.

## E. Motions for Sanctions

To grant a motion for sanctions, the Court must conclude that it is "patently clear that a [targeted party's] claim has absolutely no chance of success" or that the targeted party's factual

claims are "utterly lacking in support." *K.M.B. Warehouse Distribs., Inc. v. Walker Mfg. Co.*, 61 F.3d 123, 131 (2d Cir. 1995) (citation and internal quotation marks omitted); *Storey*, 347 F.3d at 388 ("[S]anctions may not be imposed unless a particular allegation is utterly lacking in support.").

"Rule 11 sanctions are a coercive mechanism, available to trial court judges, to enforce ethical standards upon attorneys appearing before them. . . . Although the imposition of sanctions is within the province of the district court, any such decision should be made with restraint and discretion." *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005) (citing *Schlaifer Nance & Co., Inc. v. Estate of Warhol,* 194 F.3d 323, 334 (2d Cir. 1999) (internal alterations and quotation marks omitted)); *see also Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010) ("Rule 11 does not . . . authorize sanctions for merely frustrating conduct."); *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) ("Courts maintain a high bar for establishing a Rule 11 violation given judicial concern for encouraging zealous advocacy." (internal citations omitted)).

Ms. Doe has filed a motion for sanctions against the Defendants, claiming that Paychex and USI have misled the Court and that Paychex's motion to remove Plaintiff's pseudonym was filed with improper purpose. Mot. for Sanctions, ECF No. 89 (Aug. 5, 2019). She has also filed a supplemental motion for sanctions, claiming further that the Defendants have engaged in improper conduct and misled the Court. Suppl. Mot. for Sanctions, ECF No. 109 (Oct. 25, 2019).

Ms. Doe, however, has not shown that she served her motions for sanctions on the Defendants as required by Rule 11, providing the Defendants an opportunity to correct or respond to any alleged Rule 11 violation. "Although *pro se* litigants should be afforded latitude,

they generally are required to inform themselves regarding procedural rules and to comply with them. This is especially true in civil litigation." *Costello v. Wells Fargo Bank Nat'l Ass'n*, No. 16-cv-1706 (VAB), 2017 WL 3262157, at *18 (D. Conn. July 31, 2017) (quoting *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995)) (denying a pro se litigant's motion for sanctions under Rule 11 because there was no evidence that the litigant complied with the Rule's notice requirement), *aff'd*, 739 F. App'x 77 (2d Cir. 2018).

The Court therefore must deny Ms. Doe's motion for sanctions. *See Fierro v. Gallucci*, 423 F. App'x 17, 18-19 (2d Cir. 2011) (holding that the district court was "required to deny plaintiffs' motion for sanctions for failure to comply with the 21-day 'safe harbor,' which requires Rule 11 motions to be served on the opposing party 21 days prior to their filing, in order to afford that party an opportunity to withdraw their allegedly sanctionable claims." (citing *Hadges*, 48 F.3d at 1328)).

Even if Ms. Doe had complied with Rule 11's safe harbor provision, her expansive claims regarding Defendants' alleged conduct are too vague, unsupported, and unconnected to the claims underlying her lawsuit to support a motion for sanctions.

Ms. Doe's claims thus fall far short of showing that Paychex's filings have "absolutely no chance of success" or that its factual claims are "utterly lacking in support." *K.M.B. Warehouse Distribs.*, 61 F.3d at 131. Rather, she makes allegations against Paychex which themselves are utterly lacking in support and are unrelated to the legal claims at issue in this lawsuit. *See, e.g.*, Suppl. Mot. for Sanctions at 2 ("The Plaintiff is currently being discriminated against in every aspect of her life.").

The Court therefore will **DENY** Ms. Doe's motions for sanctions, ECF Nos. 89 and 109.

17

### F.  Motion for Service Expenses

Ms. Doe has filed a motion for service expenses under Federal Rule of Civil Procedure 4. Mot. for Serv. Expenses, ECF No. 93 (Aug. 19, 2019). She seeks an award of $337.70 for costs she incurred relating to service on February 7, 2018, and for service of the "Plaintiff's Memorandum in Opposition to the Defendants' Motion to Dismiss the Plaintiff's Second Amended Complaint, exhibit B, on the 4th of February 2019." Mot. for Service Expenses at 2.

"Formal service of process under Rule 4 is generally limited to the summons and original complaint. Once the court has asserted jurisdiction over a party, subsequent papers are served under the less formal methods set forth in Rule 5." Steven S. Gensler, *Rule 4. Summons*, 1 Federal Rules of Civil Procedure, Rules and Commentary (last updated Feb. 2019). Thus, Ms. Doe cannot recover costs under Rule 4 for service of documents other than the summons and complaint.

As for costs relating to the original service of summons and complaint, Ms. Doe has presented no evidence that she requested a waiver of service from the Defendants as required by Rule 4 before the Court may order costs.

Ms. Doe's motion for service expenses, ECF No. 93, therefore will be **DENIED**.

### G.  Motion to Remove Pseudonym

Courts have permitted cases to proceed anonymously where they involve claims relating to sexual misconduct, *see, e.g.*, *Doe v. Univ. of Conn.*, No. 3:09-cv-1071 JGM, 2013 WL 4504299, at *26 (D. Conn. Aug. 22, 2013) (allowing a plaintiff to remain anonymous where "the plaintiff alleged physical and sexual assaults against state and municipal entities and officers"); highly personal medical decisions and procedures, such as abortion, *see, e.g.*, *Aware Woman Ctr.*

*for Choice, Inc.*, 253 F.3d at 685 (noting that courts across the country have pointed to "abortion as the paradigmatic example of the type of highly sensitive and personal matter that warrants a grant of anonymity."); or minors, *see, e.g.*, *Doe v. Town of Madison*, No. 3:09-cv-2005 (JCH), 2010 WL 1330411, at *2-3 (D. Conn. Mar. 31, 2010) (finding that a minor plaintiff could proceed anonymously where "[t]he crux of [his] claim [wa]s that his identity was unlawfully released to the public in violation of the Youthful Offender Statute's requirements").

Ms. Doe never filed a motion to proceed anonymously, nor did she respond to the Defendants' motion to remove her pseudonym. She did file a motion to seal the case, which the Court denied. Ruling and Order at 30, ECF No. 66 (May 6, 2019) (denying Mot. to Seal, ECF No. 2 (Dec. 7, 2017)). Assuming Ms. Doe's grounds for filing her case under a pseudonym are the same as those for her motion to seal the case, Ms. Doe presumably seeks to proceed anonymously on domestic violence grounds, although there are no domestic violence claims in this lawsuit. *See* Mot. to Seal, ECF No. 2; Pl.'s Mot. in Resp. to Def.'s Mot. to Unseal Docket, ECF No. 20, at 2.[2]

Paychex has moved under Federal Rule of Civil Procedure 10(a) to remove Ms. Doe's pseudonym from this case, arguing that "[t]he Court has already rejected Plaintiff's . . . attempt to seal the records in this litigation. Plaintiff's arguments to use a pseudonym and proceed anonymously are identical." Def.'s Mot. to Amend the Case Title to Remove Plaintiff's Pseodonym, ECF No. 74 (June 7, 2019). Paychex argues further that "the balance of interests

---

[2] Ms. Doe, at times, expresses concerns about interference with her employment prospects as a reason for wanting to protect her privacy. But "[c]ourts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life." *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 n. 1 (S.D.N.Y. 1988). Thus, to the extent that professional reasons underlie Ms. Doe's desire to remain anonymous, they are insufficient.

weighs decidedly against Plaintiff's anonymity and compels public disclosure of her true identity. Therefore, the Court should amend the case title to remove Plaintiff's pseudonym." *Id.*

The Court agrees.

The use of fictitious names or pseudonyms in place of the true identities of litigants "runs afoul of the public's common law right of access to judicial proceedings . . . , a right that is supported by the First Amendment." *Doe v. Solera Capital LLC*, No. 18 CIV. 1769 (ER), 2019 WL 1437520, at *2 (S.D.N.Y. Mar. 31, 2019) (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (citation omitted)). Private civil suits advance the public's interest in enforcing legal and social norms. *Id.* at 159. When a lawsuit involves issues concerning a defendant's actions or a particular incident, as opposed to challenging abstract public policies, open proceedings serve the judiciary's interest in a fair and accurate fact-finding adjudication. *Id.*

Even in cases sensitive and personal privacy interests, courts have denied plaintiffs' motions to proceed anonymously where they "do[] not assert that the disclosure of [their] name[s] would subject [them] to retaliatory physical or mental harm." *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-cv-2678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019) (denying a plaintiff's motion to proceed anonymously in her sexual misconduct lawsuit because she had not provided "direct evidence linking disclosure of her name to a specific physical or mental injury"); *see also Doe v. Skyline Auto. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) (denying a plaintiff's motion to proceed anonymously on sexual assault and harassment claims where she "submit[ted] no evidence of continued harm, nor any evidence of the severity or likelihood of retaliation or any physical or mental harm," but rather "simply project[ed] generalized harm").

As the Court noted in its prior ruling, "while protection of domestic violence victims is an important public policy, Ms. Doe has failed to demonstrate that the filings in this employment action

would put her in danger." Ruling and Order at 30, ECF No. 66 (May 6, 2019). Thus, Ms. Doe has not established that she has any "substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." *K.D.*, 2006 WL 1662905, at *1; *see also Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 ("Although she argues that revealing her identity would exacerbate her emotional distress, such generalized harm, absent more direct evidence linking disclosure of her name to a specific physical or mental injury, is insufficient.").

Furthermore, the defendant in this suit is a private party, weighing in favor of denying a request to proceed anonymously. "While suits against the government involve no injury to the Government's reputation, suits against private parties may cause damage to their good names and reputations—which supports denying a request to proceed anonymously." *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (quoting *North Jersey Media Grp. Inc. v. John Doe Nos. 1-5*, No. 12 Civ. 6152 (VM) (KNF), 2012 WL 5899331, at *7 (S.D.N.Y. Nov. 26, 2012) (internal quotation marks omitted)); *see also Sealed Plaintiff*, 537 F.3d at 190 (listing "whether the suit is challenging the actions of the government or that of private parties" as a factor); *Skyline Auto. Inc.*, 375 F. Supp. 3d at 406 (denying a motion to proceed anonymously where the defendant was a private party, noting that "courts are less inclined to allow [p]laintiff[]s to proceed anonymously in private party cases").

Accordingly, Paychex's motion to remove Ms. Doe's pseudonym and amend the case caption with her real name, ECF No. 74, is **GRANTED**.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES ECF No. 88**, the Plaintiff's motion for reconsideration; **DENIES ECF No. 99**, the Plaintiff's motion for the Court to accept her

Second/Third Amended Complaint; **DENIES ECF No. 84**, the Plaintiff's motion for default entry; **DENIES ECF No. 85**, the Plaintiff's motion for default judgment and injunction; **DENIES ECF No. 110**, the Plaintiff's motion for emergency injunction; **DENIES ECF Nos. 89 and 109**, the Plaintiff's motions for sanctions; **DENIES ECF No. 93**, the Plaintiff's motion for service expenses; and **GRANTS ECF No. 74**, the Defendants' motion to amend the case caption and remove the Plaintiff's pseudonym.

Ms. Doe is **ORDERED** to submit a filing by **February 21, 2020,** attesting to her true name and identity to enable the Clerk of the Court to amend the case caption. Failure to do so may result in the dismissal of this case for failure to prosecute. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

The Court also directs the parties to stop re-litigating claims and motions on which this Court has already ruled repeatedly, so that the parties and the Court may move forward and focus their resources on the Plaintiff's remaining claims: sex discrimination, hostile workplace, and retaliation under Title VII.

**SO ORDERED** at Bridgeport, Connecticut this 15th day of January, 2020.

_____/s/ Victor A. Bolden_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE